UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| Sharon Strickland, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:17-cv-301 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| Dexter Field Services, L.P. and Dexter ATC Field Services LLC, | § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1. Defendants Dexter Field Services, L.P. and Dexter ATC Field Services LLC (collectively "Defendants") required Plaintiff Sharon Strickland ("Plaintiff") to work more than forty (40) hours a week as an administrative assistant. Defendants paid Plaintiff on an hourly basis without overtime.

2. Defendants' conduct violates the Fair Labor Standards Act ("FLSA"), which mandates that non-exempt employees, such as Plaintiff, be compensated at one and one-half times their regular rate for each hour worked over forty hours per week. *See* 29 U.S.C. § 207(a).

3. Defendants cannot satisfy their burden to show that any FLSA exemption applies to Plaintiff. As such, Defendants owe Plaintiff back pay at the time and one-half rate for all hours worked over 40 in a workweek, liquidated damages, attorneys' fees and costs.

SUBJECT MATTER JURISDICTION AND VENUE

4. This court has federal question jurisdiction over the subject matter of this action per 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

6. Plaintiff worked in this District when the violations took place.

7. Defendants maintain their principal United States headquarters in Beaumont, Texas.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Sharon Strickland is an individual residing in Jefferson County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A.

9. Defendant Dexter Field Services, L.P. is a limited partnership organized under the laws of Texas. Defendant may be served process through its registered agent Steven Probst, 4611 Bee Caves Road, Suite 100, Austin, Texas 78746.

10. Defendant Dexter ATC Field Services LLC is a limited liability company organized under the laws of Delaware that may be served process through its registered agent CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

11. Defendant Dexter ATC Field Services LLC conducts business in Texas.

12. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privilege of conducting business activities in the state of Texas. Defendants established minimum contacts in Texas, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendants is consistent with the constitutional requirements of due process.

## FLSA COVERAGE

13. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

14. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §§ 203(r), 203(s)(1). Defendants' employees handle goods that have traveled in interstate commerce, such as tools, pipe, computers, and phones. Defendants also transact business with companies located outside the state of Texas.

15. At all material times, Defendants have each had an annual gross business volume in excess of the statutory standard.

16. At all material times, Plaintiff was an employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

17. Defendant Dexter ATC Field Services LLC is the successor of Defendant Dexter Field Services, L.P.

## FACTS

18. Defendants provide industrial clients in the refinery, petrochemical, and oil and gas industries with air quality consultant services, such as leak detection and maintenance services.

19. Plaintiff began working for Defendant Dexter Field Services, L.P. in January of 2013.

20. In the first quarter of 2016, Defendant Dexter Field Services, L.P. was acquired by ATC Group Services LLC, a nationwide environmental consulting and industrial hygiene firm.

21. As a result of the acquisition, Dexter Field Services, L.P. was reorganized and renamed Dexter ATC Field Services LLC.

22. Defendants employed Plaintiff.

23. After the acquisition, Plaintiff's job duties remained essentially the same.

24. After the acquisition, Plaintiff's supervisors remained essential the same.

25. Defendant Dexter ATC Field Services LLC acquired the assets and liabilities of Dexter Field Services, L.P.

26. After the acquisition, Dexter ATC Field Services LLC continued with the same operations as Dexter Field Services, L.P., including work with the same clients and employment of the same field service personnel.

27. Plaintiff continued to work for Defendant Dexter ATC Field Services LLC until June of 2017.

28. Plaintiff worked for Defendants as an administrative assistant.

29. Her job duties including answering the phone, scheduling meetings, and ordering office supplies.

30. Defendants paid Plaintiff on an hourly basis.

31. Despite their acknowledgement that Plaintiff was non-exempt by virtue of paying her an hourly rate, Defendants failed to pay Plaintiff for a significant amount of overtime.

32. Plaintiff's typical weekly schedule was 60 hours.

33. Plaintiff's typically worked at least 60 hours per week, but was only compensated for 40

34. She was instructed by her supervisors to not record overtime hours on her time sheets.  However, occasionally she was allowed to report minimal overtime.

35. Defendants had actual knowledge that Plaintiff was working more than forty hours a week.

36. Defendants communicated with Plaintiff regarding her job during times outside of her scheduled work hours.

37. Defendants assigned Plaintiff more work than could be completed in a forty-hour work week.

38. Plaintiff's supervisors witnessed her working more than 40 hours in a week.

39. Plaintiff communicated with her supervisors, including Defendants' CEO, late in the evenings and on weekends on numerous occasions by email, phone, and text message.

40. Defendants instructed Plaintiff to alter her time sheets to avoid paying overtime, such as by moving hours worked in excess of forty in one week to a subsequent week.

41. Plaintiff raised the issue of non-payment of overtime numerous times with her supervisors.

42. No exemption under the FLSA shelters Defendants from paying Plaintiff overtime.

43. Plaintiff had supervisors to whom she reported to and asked for permission with respect to all decisions of significance.

44. Plaintiff did not supervise two or more employees.

45. Plaintiff was required to follow strict procedures when doing their job that removes all discretion.

46. The work of an administrative assistant does not involve any independent judgment and discretion to qualify for any exemption.

47. Plaintiff was not paid on a salary basis.

48. No exemption from overtime found in the FLSA is applicable to Plaintiff.

## CAUSES OF ACTION

### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime
### (Collective Action)

49. Plaintiff incorporates the preceding paragraphs by reference.

50. For all time worked in excess of forty (40) hours each week, Plaintiff was entitled to be paid one and one-half times her regular rates. 29 U.S.C. § 207.

51. Defendants violated the FLSA by failing to pay Plaintiff an overtime premium for hours worked in excess of 40 hours in a workweek.

52. Plaintiff did not receive any compensation for hours worked over forty in a workweek.

53. Defendants cannot satisfy their burden to show that any exemption applies.

54. Defendants have, therefore, violated and continue to violate the FLSA by not paying Plaintiff consistent with the FLSA for her overtime hours.

55. Defendants' failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

56. Defendants knew Plaintiff was entitled to overtime, promised the Plaintiff overtime compensation, and yet failed to pay her overtime. This is an intentional violation of the FLSA.

57. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

### DAMAGES SOUGHT PURSUANT TO 29 U.S.C. § 216(b)

58. Plaintiff is entitled to recover her unpaid overtime compensation for all time worked in excess of forty (40) hours in a single week.

59. Plaintiff is entitled to recover an equal amount of her unpaid overtime premiums as liquidated damages.

60. Plaintiff is also entitled to recover her attorney's fees and costs as required by the FLSA.

### JURY DEMAND

61. Pursuant to her rights under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

### PRAYER FOR RELIEF

62. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of herself awarding her:

   a. Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times her regular rates of pay;

   b. An equal amount of her unpaid overtime premiums as liquidated damages, as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff may be entitled, both in law and in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN
ATTORNEYS AT LAW
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF