UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| SHARON STRICKLAND<br>　　*Plaintiff*, | §<br>§<br>§ |
| v. | § Civil Action No.: 1:17-cv-00301-MAC |
| | § |
| DEXTER FIELD SERVICES, LP and<br>DEXTER ATC FIELD SERVICES, LLC,<br>　　*Defendants*. | §<br>§<br>§<br>§ |

**MOTION TO ENFORCE SETTLEMENT**

Plaintiff Sharon Strickland files this Motion to Enforce Settlement and would respectfully show the Court the following:

## I.   INTRODUCTION

Plaintiff Sharon Strickland filed this against Dexter Field Services, LP alleging Fair Labor Standards Act (FLSA) violations. Doc. 1. The parties reached a settlement agreement and filed a Joint Notice of Settlement on August 5, 2019. Doc. 30. On August 19, 2019 the parties finalized the settlement agreement and the Plaintiff executed the version as revised by Defense counsel. See Exhibit 1.[1] To date, Defendant has failed to fund the settlement. Defense counsel issued a personal check to Plaintiff's counsel in order for Plaintiff to hold in Plaintiff's counsel's IOLTA account pending Defendant's funding of the settlement. See Exhibit 2. Plaintiff's counsel deposited the check into the IOLTA account, but the funds were not deposited because Defense counsel's account had insufficient funds. See Exhibit 3. Plaintiff's counsel has made numerous attempts to contact Defense counsel regarding this issue, but Defense counsel has yet to provide a response or appropriate settlement funding. See Exhibit 4.

---

[1] Plaintiff has requested to file the Settlement Agreement under seal due to the confidentiality provision in the Agreement.

Plaintiff in good faith relied upon Defense counsel's representations regarding the settlement funding, but at this time requires the Court's intervention. Accordingly, Plaintiff request the Court enforce the settlement to which the parties agreed and compel the Defendant to provide the settlement funding as outlined in the Parties settlement agreement.

## II. ARGUMENTS AND AUTHORITIES

"A District Court has the power to enforce summarily a settlement agreement reached in a case pending before it." *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984). Where the "substantive rights and liabilities of the parties derive from federal law," it is federal law that governs the enforceability and validity of settlement agreements. *Nelson v. Chet Morrison Diving, L.L.C.*, No. 05-1682, 2007 U.S. Dist. LEXIS 8785, 2007 WL 442220, at *2 (E.D. La. Feb. 5, 2007) (Africk, J.) (quoting *Mid-South*, 733 F.2d at 389) (additional citations omitted); *see Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645, 650 (5th Cir. 2018); *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981); *Demilia v. United Student Aid Funds*, No. 01-1733, 2001 U.S. Dist. LEXIS 20654, 2001 WL 1543491, at *3 (E.D. La. Dec. 3, 2001). In this case, because the rights and liabilities of Plaintiff's claims derive exclusively from the FLSA, federal common law applies to determine the enforceability of the settlement.

Under federal law, an attorney of record is "presumed to have authority to compromise and settle litigation of his client, and a judgment entered upon an agreement by the attorney of record will be set aside only upon affirmative proof of the party seeking to vacate the judgment that the attorney had no right to consent to its entry." *Quesada v. Napolitano*, 701 F.3d 1080, 1083 (5th Cir. 2012) (quoting *Mid-South*, 733 F.2d at 390). Here, as evidenced from the email correspondence attached to this motion, Defendant's attorney John Johnson has represented that his client has agreed to settle this case according to the terms of the agreement that he negotiated.

There can be no doubt that the result of this negotiation has created a fully enforceable settlement agreement.

In fact, under both federal law and Texas law, a settlement agreement is generally an enforceable contract. *See Lozano v. Metropolitan Transit Authority of Harris Cty.*, No. H-14-1297, 2016 U.S. Dist. LEXIS 94031, 2016 WL 3906295, at *2 (S.D. Tex. July 19, 2016) (citing *Lopez v. Kempthorne*, No. CIV.A. H-07-1534, 2010 U.S. Dist. LEXIS 118749, 2010 WL 4639046, at *4 (S.D. Tex. Nov. 5, 2010)); *McCalla v. Baker's Campground, Inc.*, 416 S.W.3d 416, 418 (Tex. 2013). "A motion to enforce can be considered a sufficient pleading to raise a breach of contract claim in a settlement agreement case." *Kanan v. Plantation Homeowner's Ass'n, Inc.*, 407 S.W.3d 320, 334 (Tex. App.—Corpus Christi 2013, no pet.) (citing *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009); *Twist v. McAllen Nat'l Bank*, 248 S.W.3d 351, 361 (Tex. App.—Corpus Christi 2007, no pet.); *Bayway Servs., Inc. v. Ameri-Build Constr., L.C.*, 106 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *Neasbitt v. Warren*, 105 S.W.3d 113, 118 (Tex. App.—Fort Worth 2003, no pet.)); *see also Evans*, 2017 U.S. Dist. LEXIS 21678, 2017 WL 661797, at *1; *Floyd*, 2017 U.S. Dist. LEXIS 114724, 2017 WL 3129830, at *4. Specifically, "[w]here no dispute of fact as to the validity or scope of a settlement agreement is shown, the Court may properly summarily enforce the parties' preexisting agreement." *Carter v. H2R Restaurant Holdings, LLC*, No. 3:16-CV-1554-N-BN, 2018 U.S. Dist. LEXIS 63686, 2018 WL 1801663, at *4 (N.D. Tex. Mar. 15, 2018) (citing *Ochoa-Bunsow v. C.I.R.*, 623 Fed. App'x 226, 227 (5th Cir. 2015)). "If the motion satisfies the general purposes of pleadings, which is to give the other party fair notice of the claim and the relief sought, it is sufficient to allow the trial court to render judgment enforcing the settlement." *Id.* (citing *Twist*, 248 S.W.3d at 361; *Bayway Servs., Inc.*, 106 S.W.3d at 160; *Neasbitt*, 105 S.W.3d at 117); *see also Chen v. Highland Capital Mgmt., L.P.*, No.

3:10-CV-1309-D, 2012 U.S. Dist. LEXIS 168420, 2012 WL 5935602, at *2-4 (N.D. Tex. Nov. 27, 2012) (granting a motion to enforce settlement agreement without a signed settlement agreement present).

Despite the fact that the parties have entered into an enforceable settlement agreement, Defendant has, for reasons that its attorney has not shared with Plaintiff, refused to fund the modest settlement payment called for in the parties' agreement. Plaintiff respectfully requests that the Court enter an order enforcing the settlement agreement and compel Defendant to fully fund the settlement with interest accruing from the date the settlement should have been originally paid. Plaintiff request interest from September 17, 2019 the date Plaintiff's counsel warned Defense counsel about the filing of a Motion to Enforce. *See* Exhibit 4 p, 11.

### III. CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests the Court enter an order enforcing the settlement in this matter and directing Defendant to fully fund the settlement amount it agreed to pay with interest and for any other relief that may be necessary and appropriate.

    Respectfully submitted,

    By: /s/Beatriz Sosa-Morris
    Beatriz-Sosa Morris
    SOSA-MORRIS NEUMAN
    ATTORNEYS AT LAW
    BSosaMorris@smnlawfirm.com
    Texas State Bar No. 24076154
    5612 Chaucer Drive
    Houston, Texas 77005
    Telephone: (281) 885-8844
    Facsimile: (281) 885-8813

    **LEAD ATTORNEY IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Defendant regarding this motion, including informing Defendant's counsel that this motion would be filed on February 7, 2020 absent a representation that the settlement would be funded. Defendant is opposed.

/s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing through the Eastern District of Texas CM/ECF system on February 7, 2020 which will provide a copy to all counsel of record by electronic mail.

/s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris